IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JOSHUA C. McKINNEY,**

        Plaintiff,

        v.                                                 **Civil Action No. 5:24-CV-101**
                                                                   Judge Bailey

**JAMES HENSEL, III, DR. JAMES
BEANE,** M.D.**, CARLA DEEM,** RN,
**MELINDA GOFF,** and **DR. AYNE
AMJAD,** M.D.**,**

        Defendants.

## REPORT AND RECOMMENDATION

    On May 30, 2024, the plaintiff, a state inmate incarcerated at St Marys Correctional Center in St. Marys, West Virginia, filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. On May 30, 2024, the undersigned entered an Order denying plaintiff's motion to proceed without prepayment of fees and directing him to pay the $405 filing fee within twenty-one days. Plaintiff filed a new Motion to Proceed Without Fees, indicating that the money listed in his ledger sheets was in mandatory savings and that he was unable to spend it. The undersigned directed plaintiff to submit evidence that the facility would not allow him to apply those funds toward his filing fee within twenty-one days. To date, plaintiff has not done so. Also pending before this Court is plaintiff's Motion for Preliminary Injunction and or Protective Order and Brief in Support, [Doc. 15], filed July 8, 2024. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the

1

undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends the Motion be denied and that the case be dismissed for failure to prosecute.

## I. BACKGROUND

In his Complaint, plaintiff alleges that defendants are denying him Subutex, which was prescribed to him by Dr. Jafary, Dr. Amjad, and Dr. Powers to treat plaintiff's Opioid Use Disorder. Plaintiff alleges that defendants refuse to place him in the Subutex program despite putting "inmate after inmate" in the program. He brings claims for Eighth Amendment violations, denial of medical care, deprivation of medication, failure to respond reasonably, and violations of the Americans with Disabilities Act. For relief, he seeks to be put on Subutex.

In his Motion for Preliminary Injunction, plaintiff asks the Court to direct Dr. James Beane or Carla Deem to place plaintiff on Subutex. He argues defendants will suffer no harm if the Court grants the Motion.

## II. STANDARD OF REVIEW

**A. Requests for Injunctive Relief**

A preliminary injunction may be granted under the authority of Federal Rule of Civil Procedure 65 after notice has been given to the adverse party. The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in **Hoechst Diafoil Company v. Nan Ya Plastics Corporation**, 174 F.3d 411, 422 (4th Cir. 1999), as follows: "While a preliminary injunction preserves the status quo

pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held."

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction under an abuse-of-discretion standard." ***International Refugee Assistance Project v. Trump***, 883 F.3d 233, 255–56 (4th Cir. 2018), *as amended* (Feb. 28, 2018). The standard for granting injunctive relief was articulated by the United States Supreme Court which held in ***Winter v. Nat. Res. Def. Council, Inc.***, 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

***Int'l Refugee***, 883 F.3d at 256 (citing ***WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave***, 553 F.3d 292, 298 (4th Cir. 2009) (citing ***Winter***, 555 U.S. at 7)). This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo. *See* ***East Tennessee Natural Gas Co. v. Sage***, 361 F.3d 808, 828 (4th Cir. 2004) (quoting ***Wetzel v. Edwards***, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and

normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

## B. *Pro se* Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in **Neitzke** recognized that:

> Section 1915(d)[1] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

---

[1] The version of 28 U.S.C. § 1915(d) which was effective when **Neitzke** was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be

### III. ANALYSIS

Upon review of the Motion and Complaint, the undersigned finds that plaintiff does not meet the four-part **Winter** test for the issuance of a preliminary injunction. First, plaintiff is unlikely to succeed on the merits of his case. The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

**Wyatt v. Cole**, 504 U.S. 158, 161 (1992) (citing **Carey v. Piphus**, 435 U.S. 247, 254–257 (1978)). In **Gomez v. Toledo**, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

**Gomez**, 446 U.S. at 640.

"The Eighth Amendment, which prohibits infliction of 'cruel and unusual punishments,' U.S. Const. amend. VIII, applies to claims by prisoners against corrections officials challenging conditions of confinement." **Porter v. Clarke**, 923 F.3d 348, 355 (4th Cir. 2019), as amended (May 6, 2019) (citation omitted). Deliberate indifference to

---

granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

serious medical needs of a prisoner constitutes a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A deliberate indifference claim consists of two components, objective and subjective." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). The objective component requires that the medical condition be "serious"—meaning one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the need for a doctor's attention. *Id*. The subjective component requires that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, plaintiff's claims in the Complaint and his Motion for Preliminary Injunction all point to the same issue: plaintiff seeks to be prescribed Subutex for his opioid use disorder. Assuming, *arguendo*, plaintiff could establish the objective component of a deliberate indifference claim, it is not likely that he will be able to establish the subjective component, that defendants knew of and disregarded an excessive risk to inmate health or safety. Plaintiff's logs, attached to his Complaint, show that prison staff has attempted to prescribe him Naltrexone, though he refused it. [Doc. 1-1 at 2, 6]. This type of disagreement between and inmate and medical providers about the proper course of medication is generally not enough to establish deliberate indifference. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (deliberate indifference claim based on a diagnosis of arrhythmia rather than a more serious condition and the resulting modification of prescriptions was essentially "a '[d]isagreement[ ] between an inmate and

a physician over the inmate's proper medical care,' and we consistently have found such disagreements to fall short of showing deliberate indifference."); *Dao v. Harold*, No. 7:22-CV-00554, 2023 WL 3304534 (W.D. Va. May 8, 2023) (Urbanski, J.) (dismissal on initial review of deliberate indifference claim related to doctor's decision to terminate inmate's Suboxone treatment because plaintiff had not alleged subjective component); *see also Hymer v. Kross*, No. CV 3:22-1531, 2022 WL 17978265, at *6 (M.D. Pa. Dec. 28, 2022) (dismissing deliberate indifference claim based on inmate's removal from Suboxone program); *Guillen v. ICE Health Serv. Corps*, No. C22-5894-DGE-MLP, 2023 WL 2529459, at *4 (W.D. Wash. Feb. 1, 2023), *report and recommendation adopted*, No. C22-5894-DGE, 2023 WL 2527149 (W.D. Wash. Mar. 15, 2023) (inmate's disagreement with decision to terminate Suboxone treatment was not deliberate indifference). Thus, the undersigned finds that plaintiff has not established that he is likely to succeed on the merits of his case.

Second, plaintiff has not established that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff's motion emphasizes the opinion of another doctor that opioid use disorder "is very bad not to treat or be left untreated," [Doc. 15], but, as set forth above, it appears defendants are attempting to treat plaintiff but that plaintiff disagrees about the appropriate course of treatment.

Because plaintiff is unable to meet the first or second prongs of the *Winter* test, he has failed to establish the need for the "extraordinary remedy" of a preliminary injunction, and the Motion should be denied.

The undersigned further notes that after his motion to proceed *in forma pauperis* was denied, plaintiff again filed for leave to proceed *in forma pauperis*, stating that the funds listed in his application were mandatory savings not available to him.  By order dated June 24, 2024, the undersigned directed plaintiff to submit evidence that he had asked the facility to apply those funds but had been unable to do so within twenty-one days of the Order.  [Doc. 10].  To date, over a month later, plaintiff has not done so.  On July 11, 2024, the Court received another Motion seeking to proceed without prepayment of fees.  [Doc. 18].  In that Motion, plaintiff states "I ask the court to give me more time to prove [the facility] will not take off $ for anything but restitution and homeplan, rent, or halfway house."  [Doc. 18 at 2].  By Order dated July 10, 2024, Judge Bailey entered an order directing plaintiff to submit such evidence no later than July 24, 2024.  Accordingly, the undersigned recommends that this case be dismissed for failure to prosecute.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that plaintiff's Motion for Preliminary Injunction [**Doc. 15**] be **DENIED** and that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

The plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless

accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the pro se plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED:**   July 29, 2024.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE