IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JOSHUA C. McKINNEY,**

      Plaintiff,

v.                                                                                    Civil Action No. 5:24-CV-101
                                                                                 Judge Bailey

**JAMES HENSEL, III, DR. JAMES BEANE,**
M.D., **CARLA DEEM,** RN, **MELINDA**
**GOFF,** and **DR. AYNE AMJAD,** M.D.,

      Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above referenced case is before this Court upon the magistrate judge's recommendation that plaintiff's Motion for Preliminary Injunction [Doc. 15] be denied and that this case be dismissed without prejudice for failure to prosecute.

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. **Thomas v. Arn**, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court

level. ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984). No objections have been filed to the magistrate judge's report and recommendation.[1]

A *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 21**] is **ADOPTED**. Plaintiff's Motion for Preliminary Injunction [**Doc. 15**] is **DENIED**.

Moreover, on June 24, 2024, Magistrate Judge Mazzone directed plaintiff "to submit evidence that he asked for his facility to apply those funds toward his filing fee and been unable to do so within **twenty-one (21) days** of the date of this Order." *See* [Doc. 10]. Seeing no response from plaintiff, on July 10, 2024, the undersigned directed plaintiff "that he must file his response to Judge Mazzone's Order, which directed plaintiff to submit evidence that he has asked for his facility to apply funds form mandatory savings to his filing fee, within **fourteen (14) days** of the date of this Order, or before **July 24, 2024**." *See* [Doc. 17]. Service of this Court's July 10, 2024 Order was accepted on July 15, 2024. *See* [Doc. 19]. To date, plaintiff has failed to submit evidence that he has asked for his facility to apply funds from mandatory savings to his filing fee. Thus, the above-styled case

---

[1] Pursuant to the R&R, plaintiff "shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**" *See* [Doc. 21 at 8].

Service of the R&R was accepted on August 5, 2024. *See* [Doc. 22]. August 5, 2024, was twenty-two (22) days ago. Thus, this Court did not just wait the standard fourteen (14) days—this Court waited an additional eight (8) days before ruling on the pending R&R.

2

is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. The two (2) pending Motions for Leave to Proceed in forma pauperis [**Docs. 9 & 18**] are hereby **DENIED AS MOOT**.

The Clerk is **DIRECTED TO STRIKE** the above-styled case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED:** August 27, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE